## Wage Specification in Commonwealth Contracts

BENDER, Deputy Attorney General, November 9, 1932.—We have your request to be informed with regard to the following questions:

"1. If the contractor deliberately violates or evades the wage specifications, and subsequently pays to the employes the amount of wages which they were originally underpaid, is the contractor thereby relieved from the penalty imposed under section 522 of the act of assembly referred to above?

"2. If the contractor pays the wages specified in the contract and, through an arrangement with the employes, later receives a refund of a part of the wages from the wage-earners, either directly or indirectly, does this method of evading the wage specifications subject the contractor to the prescribed penalty?"

Your questions arise under section 522 of The Administrative Code of 1929, as amended by the Act of June 1, 1931, P. L. 350, Sec. 3, which authorizes the Commonwealth to provide minimum wage requirements in the specifications upon which contracts for the construction, alteration or repair of public works are entered into by the Commonwealth, and which stipulates penalties for violations of these requirements. This section provides as follows:

"The specifications upon which contracts are entered into by the Commonwealth for the construction, alteration, or repair of any public work shall, as far as possible, contain the minimum wage or wages which may be paid by the contractor or his subcontractors for the work performed by laborers and mechanics employed on such public work, and such laborers or mechanics shall be paid not less than such minimum wage or wages.

"Every contract entered into upon such specifications shall stipulate a penalty of an amount equal to twice the difference between the minimum wage contained in said specifications and the wage actually paid to each such laborer or mechanic for each day during which he has been employed at a wage less than that prescribed in said specifications. Every officer or person designated as inspector of the work to be performed under any such contract, or to aid in the enforcing of the fulfillment thereof, shall, upon observation or investigation, report to the department, board, or commission which made the contract award, all violations of minimum wage stipulations, together with the name of each laborer or mechanic who has been paid less than that prescribed by the specifications, and the day or days of such violation. All such penalties shall be withheld and deducted, for the use of the Commonwealth, from any moneys due the contractor, by the officer or person whose duty it shall be to authorize the pay-

ment of moneys due such contractor, whether the violation of the minimum wage stipulation of the specifications is by the contractor or by any of his subcontractors."

We shall answer your inquiries seriatim.

Your first inquiry is with reference to the contractor who deliberately violates or evades the wage specifications and subsequently pays to the employes the difference between the minimum wage rate and the wages which were paid. We are of the opinion that the language of section 522 is clear on this point. The contractor may not by such supplementary payments evade the penalty provided in the act. To permit evasions in this manner would work a nullification of this section. The violation of the act occurs when an amount less than the minimum wage stipulation is paid to the employe in full payment for work and labor performed for the period. At that instant the contractor has made himself liable for the penalty provided in the act. He may not be relieved of the payment of this penalty by later tendering and paying to the employe an amount sufficient to comply with the wage specifications.

Your second inquiry is with reference to the contractor who pays the wages specified in the wage specifications of the contract, but has an arrangement with the employes whereby a part of the wages is refunded to the contractor, either directly or indirectly.

Section 522 is very explicit and specifically provides as follows:

"The specifications . . . shall . . . contain the minimum wage or wages which may be paid by the contractor or his subcontractors for the work performed by laborers and mechanics employed on such public work, and such laborers or mechanics shall be paid not less than such minimum wage or wages."

Where the contractor pays to the employes the wages specified in the contract, part of which are later refunded by the employes by virtue of a mutual agreement, clearly such employes are ultimately being paid less than the wages specifically provided. It might be contended that the employes, when they agree to refund this money to the contractor, have a perfect right to do whatever they may wish with their property. But, is this arrangement or agreement between the employe and the contractor one of entire concord and harmony? Is it not rather one made out of necessity and desire to secure employment? We feel that it is of the latter type and not of the former.

We are of the opinion that the legislature had in mind the prohibition and prevention of arrangements and agreéments such as the one outlined in your second inquiry. Thus, it is clear that where the refund is made directly by the employe, it is in violation of section 522 of The Administrative Code. Likewise, when refunds are made indirectly, but arising out of the arrangement or agreement between the employe and contractor, the contractor violates the act and incurs the penalty which it provides.

Therefore, we are of the opinion and you are advised:

1. That if the contractor deliberately violates or evades the wage specifications, and subsequently pays to the employes the difference between the minimum wage rate and the wages which they were originally paid, the contractor has violated section 522 and is liable for the penalty imposed; and

2. That if the contractor pays the minimum wages stipulated in the contract and through an arrangement with the employes later receives a refund of a part of the wages from the employes, either directly or indirectly, the contractor has violated section 522 and is liable for the penalty provided under the act.

From C. P. Addams, Harrisburg, Pa.